Filed 12/27/21  P. v. Vincent CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093866 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF03662, 20CF04555) |
| v. | |
| CHANCE ANDRE VINCENT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Chance Andre Vincent asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## Facts and History of the Proceedings

In July 2020, probation officers identified defendant as the person driving a stolen car. Inside the stolen car, in close proximity to defendant, probation officers found a jacket holding over 70 grams of methamphetamine. Defendant was arrested, and the People charged him in Butte County Superior Court case No. 20CF03662 (662) with driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)), possession of a controlled substance for sale (Health & Saf. Code, § 11378), and sale or transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)).

In September 2020, while defendant was in custody, he was one of 10 inmates who assaulted another inmate. The People charged him in Butte County Superior Court case No. 20CF04555 (555) with assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), alleging personal infliction of great bodily injury (Pen. Code, § 12022.7, subd. (a)), and felony battery with serious bodily injury (Pen. Code, § 243, subd. (d)).

Defendant later filed a motion for new counsel, which the trial court denied. Defendant then pleaded no contest to assault by means likely to produce great bodily injury in case No. 555. In exchange for his plea, the remainder of the case was dismissed. Defendant also pleaded no contest in case No. 662 to driving or taking a vehicle without consent. In exchange for his plea in case No. 662, the remainder of that case was dismissed with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.)

The trial court sentenced defendant in both cases to an aggregate term of three years eight months in state prison. The court ordered defendant to pay various fines and fees and awarded him 81 days of custody credit in case No. 662 and another 393 days of custody credit in case No. 555.

Defendant appealed without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. After reviewing the record, we have found no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

HOCH, J.

_____

KRAUSE, J.